### Catharine Grant v. Chas. T. Defenbaugh.

1. INJUNCTIONS—*By Private Parties to Restrain Public Nuisances.*— A private party can not maintain a bill to restrain the erection of a platform scale in a public highway where he shows no special injury beyond that shared in common with the general public.

2. SAME—*Suggestion of Damages, When Filed in Apt Time.*—A suggestion of damages upon the dissolution of an injunction, if filed during the first term in which the court has the power to take final action in the case, is in apt time.

Grant v. Defenbaugh.

**Bill for an Injunction.**—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.   Heard in this court at the April term, 1900.   Affirmed.   Opinion filed October 8, 1900.

SCHOLES & JACOBSON and  J. A. CAMERON, attorneys for appellant.

ARTHUR KEITHLEY, attorney for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a bill for an injunction, brought by appellant in her own right and on behalf of other taxpayers in Peoria township, to restrain appellee from erecting a platform scale in and upon a certain public highway of said township known as Lincoln avenue.

Appellant was the owner of a lot fronting on Lincoln avenue on the opposite side of the street from where the proposed scale was to be located.   The bill was filed during the September term of the Circuit Court of Peoria County, to wit, on the 18th day of September, the term having commenced on the 11th day of September.   A temporary injunction was granted but on motion the injunction was dissolved during the same term.   At the next November term of the court a demurrer was filed to the bill, which was sustained.   At the same term a suggestion of damages was filed, and the cause referred to the master to take and report proofs and his findings as to the question of damages.   The master made his report, to which exceptions were filed, and at the time set for hearing the exceptions, complainant failing to appear, a decree was entered overruling the exceptions for want of prosecution, sustaining the master's findings of $130 damages in favor of appellee, and dismissing the bill for want of equity.

The only matter appealed from was the action of the court in entering a decree for $130 damages, although the propriety of the action of the court in dismissing the bill on demurrer is challenged in the argument of counsel.

We think the demurrer to the bill was properly sustained.

On its face the bill failed to show a right to the injunction. It showed no special injury to the complainant beyond that shared in common with the general public. The law is so well settled on this point that it requires no citation of authorities to show that under such circumstances a private individual can not maintain a bill for injunction.

It is insisted by appellant that the suggestion of damages was filed too late. We hold it was filed in apt time, and during the first term in which the court had the power to take final action in the case.

It is further insisted that the damages allowed were remote and speculative and that the amount was excessive. We think the amount allowed was warranted by the evidence, and under the proofs was not unreasonable. The $50 allowed for solicitor's fees was sustained by the evidence, and the rule adopted for ascertaining the damages to appellee by reason of his business being interfered with, is fully warranted by the authorities.

We find no error in the record and the decree is therefore affirmed.

Decree affirmed.